IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH,** ) | |
| Secretary of Labor, U.S. Department of ) | |
| Labor, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 1:21-00375-KD-B |
| ) | |
| **ALLIANCE MECHANICAL SOLUTIONS** ) | |
| **LLC,** ) | |
|     Defendant. ) | |

**ORDER**

This action is before the Court Defendant's Motion for Partial Summary Judgment on Claims Barred by the Statute of Limitations (Doc. 58), Plaintiff's Response (Doc. 63), Defendant's Reply (Doc. 64), and Plaintiff's Supplement (Doc. 66).

Specifically, Defendant Alliance Mechanical Solutions, LLC (AMS) moves for partial summary judgment on Plaintiffs' claims for unpaid overtime wages (back pay) and liquidated damages, arguing that these claims -- which accrued on or before August 24, 2019 -- are time barred under the applicable statute of limitations. 29 U.S.C. § 255(a).[1] Notably, AMS submits that 154 of Plaintiffs' claims are barred, as specified in Exhibit A (Doc. at 58-1). In response, per Plaintiffs, they "seek no such relief in this case." Plaintiffs explain:

> ... Defendant's Motion "requests that this Court grant partial summary judgment in its favor on Plaintiff's claims of unpaid overtime wages and liquidated damages that accrued before August 25, 2019." Doc. 58 at 4. Yet Complainant's Amended Complaint – as Defendant's Motion acknowledges – specifically and solely seeks back wages and liquidated damages only for the two years leading up to this litigation, or *since August 25, 2019*, for those individuals. Doc. 36-1 at ¶ VI. In short, Defendants seek partial summary judgment on a non-issue. There are,

---

[1] "Any action commenced….to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938…may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued…"

>therefore, no "live" claims for back pay or liquidated damages arising from outside the statute of limitations period. Therefore, Plaintiff requests that this Court deny Defendant's Motion as moot.

(Doc. 63 at 3 (emphasis added)).  In Reply, AMS argues that its motion is not moot because:

>.... **Although Plaintiff did amend this small portion of its Complaint, the Amended Complaint still requests, "…an additional equal amount as liquidated damages to employees as named in Appendix "A" attached hereto…"** Doc. 38 ... (internal parentheses omitted). The only Appendix "A" that has been filed in this lawsuit, is the one that was filed with Plaintiff's original Complaint (Doc. 1) which lists 154 individual employees. Doc. 1-2. **Because Plaintiff did not file an amended Appendix "A" with its Amended Complaint, the plain language of the Amended Complaint requests liquidated damages for all 154 Appendix "A" employees**. Doc. 38...
>
>Plaintiff has indicated an intention to add individual employee workweek claims to this lawsuit by producing WH-55 documents which list specific workweeks that Plaintiff alleges an AMS employee was improperly paid. Originally, when Plaintiff filed this action, it produced WH-55 documents for the 154 employees listed in Appendix "A," and those documents identified the workweeks at issue for each respective Appendix "A" employee. Of the 154 Appendix "A" employees, there are thirty-nine (39) employees whose only workweek claims are outside of the statutory period.[] Because of **Plaintiff's incomplete amendment to its Complaint and unwillingness to state its specific claims against AMS, it is unclear whether Plaintiff still seeks back wages and liquidated damages for all Appendix "A" employees. This is especially confusing considering that Plaintiff is purporting to add and dismiss claims without amending its Complaint.** ... The plain language of Plaintiff's Amended Complaint still requests back wages and liquidated damages for employee workweeks in excess of the statutory period. Doc. 38..

(Doc. 64 at 3-4 (footnote omitted)).   As such, on December 16, 2022, the Court ordered the DOL to file a Supplement to their Response indicating whether it still seeks back wages and liquidated damages in the manner alleged by AMS *supra*, and if not, to state so on the record and file and Amended Appendix A to clarify the claims and issues pending before the Court.

The DOL's Supplement states: "To be clear, at this time, the Secretary is not seeking any back wages or liquidated damages for any individuals named in the original Appendix A attached to his Complaint but not named in the Amended Appendix A attached hereto. The Secretary also reiterates that he is not seeking back wages or liquidated damages pertaining to, nor is he pursuing at all, any potential FLSA violations outside the two-year Statute of Limitations that applies in this

case." As such, it appears to be appropriate to endorse the pending MSJ regarding Statute of Limitations (Doc. 48) as MOOT.

Upon consideration, it is **ORDERED** that Defendant's Motion for Partial Summary Judgment on Claims Barred by the Statute of Limitations (Doc. 58) is **MOOT.**

**DONE** and **ORDERED** this the **12th** day of **January 2023**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**