IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH,** ) | |
| **Secretary of Labor, United States** ) | |
| **Department of Labor,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 1:21-00375-KD-B |
| ) | |
| **ALLIANCE MECHANICAL SOLUTIONS** ) | |
| **LLC,** ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on review of Defendant's Motion for Partial Summary Judgment as to undercalculated overtime compensation/wage misclassification for employees in "Appendix A" (Doc. 60-1) (Docs. 60, 61), Plaintiff's Response (Doc. 63), and Defendant's Reply (Doc. 64). Namely, the DOL's proposed "Amended Appendix A."

On August 25, 2021, the Secretary of Labor, U.S. Department of Labor, Martin J. Walsh initiated this action on behalf of the DOL to enjoin AMS from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the FLSA 29 U.S.C. § 201, *et seq.*; and, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime wages and an equal amount as liquidated damages. (Doc. 1, Doc. 1-2 ("Appendix A"), Doc. 38 (amended)[1]). The DOL "brings this action pursuant to … 29 U.S.C. § 217" to have AMS "enjoined from violating the provisions of §§ 6, 7,

---

[1] The DOL filed a motion for leave of Court to amend the complaint to correct a typographical error (change the relevant years to 2 years prior to litigation versus 3 such years, which was granted. (Docs. 36, 37, 38). In doing so, the DOL did not attach Exhibit A/Appendix A listing the relevant AMS employees. The result is that, at present, the originally filed "Appendix A" attached to the original Complaint (Doc. 1-2) constitutes the list of the plaintiff-employees in this case.

11(c), 15(a)(2) and 15(a)(5)" of the FLSA (Section 201 et seq.) and pursuant to … 29 U.S.C. § 216(c), to recover unpaid overtime wages, together with an equal amount as liquidated damages." Specifically, the DOL Complaint states: "Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendant, its agents, servants, employees and all persons in active concert or participation with it from violating the provisions of §§ 6(a), 7(a), and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of this action, and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial) …" (Doc. 38 at 3).  While the original Complaint was amended (Doc. 38), Appendix A was not attached to Doc. 38, only the original complaint. (Doc. 1-2, listing 154 employees).

Presently AMS seeks partial summary judgment as to the plaintiff employees listed in the DOL's "Appendix A" (Doc. 1-2).  In so doing, AMS argues in part that the DOL has unilaterally asserted new claims. That in response to its motion, the DOL has submitted assertions -- related to 37 AMS employees <u>not</u> listed in Appendix A (Doc. 1-2) -- Exhibit 1 (new WH-55 documents) (Doc. 63-1), Exhibit 3 (Declaration of Ligia Sullivan) (Doc. 63-3), and Exhibit 4 (Doc. 63-4) -- regarding <u>new</u> workweek claims for <u>new</u> plaintiffs. The DOL opposes AMS' characterization of the newly filed list (referenced as "Appendix A," "Ex. A," and "Ex. 1") as follows:

> [the Amended Appendix A/Ex. A/Ex. 1] presents only an incomplete picture of the alleged violations in this case ... it reflects Plaintiff's allegations only through the conclusion of the Wage and Hour Division's initial period of investigation. ... Plaintiff seeks recovery for all period of investigation. See Doc. 36-1 at ¶ VI ... There are, in fact, additional alleged violations, including, at the very least, those summarized in Exhibit 1 to this Response. Exhibit 1 reflects Plaintiff's current position, including additional violations occurring since August 25, 2019 it uncovered in Defendant's most recent records. Plaintiff notes that this includes additional violations pertaining to more than half of the employees identified in Defendant's Exhibit A.

\*\*\*
> ... Exhibit 1 is not necessarily an exhaustive list of the FLSA violations Defendant has committed. Rather, it is merely the most updated list of violations the Secretary is currently able to compile based on the information available to WHD. However, because Plaintiff seeks back wages for all violations through the pendency of litigation, it is entirely possible that other employees could be added to this list or, similarly, that additional weeks of improper per diem could be identified for currently-listed employees. For instance, other employees may experience additional violations between the final date for which Defendant has provided records and the conclusion of litigation ...

(Doc. 63 at 3-4, 6).

Essentially the DOL is asserting that it can add, remove, or otherwise update the list of plaintiff employees *at any time -- including during trial and once judgment issues in this case*. That, per the DOL, the list of the plaintiff-employees will not be complete "until this matter is settled or litigation is completed" and remains "subject to change;" and/or that "Appendix A is not and should not be treated as a final and binding statement of the parameters of his case. Those parameters will not be finalized until either a settlement agreement has been reached or this Court issues a judgment after trial." (Doc. 66).

On December 16, 2022, in relation to AMS' separate partial motion for summary judgment on the statute of limitation issue, the Court ordered the DOL to file a Supplement to its Response indicating whether it still seeks back wages and liquidated damages in the manner alleged by AMS *supra*, and if not, to state so on the record and file an Amended Appendix A to clarify the claims and issues pending before the Court. (Doc. 65). The Court anticipated that claims that were not within the statute of limitations would be omitted. However, it appears that the DOL endeavors to use the "Amended Appendix, Ex.1, Ex. A" as a tool to amend the complaint and claims in this action to add new claims and reserve the right to continue to add new claims until judgment in this case. The propriety of this is disputed by AMS. And DOL's position appears to directly conflict with the Scheduling Order entered by this Court (Doc. 27) that allowed amendments to the

complaint only until April 25, 2022. Put simply, DOL needs to explain why it believes it is not subject to the Court's Scheduling Order regarding amending claims.

Accordingly, it is **ORDERED** that the DOL shall file, on or before **January 19, 2023,** a **Second Supplement**, identifying the specific statutes or case law in support of its position that it is not subject to the Court's Scheduling Order and that it can amend the employee plaintiff list at any stage in the litigation including through post-trial judgment.

**DONE** and **ORDERED** this the **12th** day of **January 2023**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**